Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff
and the putative classes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ATAVIAOUS WILLIAMS, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>THE HERTZ CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 2:25-CV-00017-RFB-EJY<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250;<br><br>2) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016; and<br><br>3) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050.<br><br>**<u>LIEN REQUESTED PURSUANT TO NRS 608.050</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMES NOW Plaintiff ATAVIAOUS WILLIAMS ("Plaintiff"), on behalf of herself and all other similarly situated and typical persons, and alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in this

Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the state law claims alleged herein pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because (i) the aggregate amount in controversy for the state law class claims exceeds $5,000,000, (ii) there are more than 100 state law class members, and (iii) at least one state law class member is diverse from Defendant. (*See also* ECF No. 1, confirming CAFA jurisdiction).

2. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Constitution, Article 15 Section 16, and Nevada Revised Statute ("NRS") sections 608.140, 608.018, and 608.020-.050. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.*, 133 Nev. Adv. Op. 95 (Dec. 7, 2017), 406 P.3d 499 (2017); *HG Staffing, LLC, et al. v. Second Judicial District Court,* Nevada Supreme Court Case No. 79118 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 77, 406 P.3d 499 (2017), we held, by necessary implication, the exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court."). Plaintiff has made a proper demand for wages due pursuant to NRS 608.140.

3. Plaintiff made a proper demand for wages pursuant to NRS 608.140 on November 25, 2024.

4. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

5. Venue is proper in this Court because the Defendant named herein maintains a principal place of business or otherwise is found in this judicial district, and many of the acts complained of herein occurred in Clark County, Nevada, which is located within this district.

## PARTIES

6. Plaintiff ATAVIAOUS WILLIAMS is a natural person who is and was a resident of the State of Nevada at all relevant times herein and was employed by Defendant within the State of Nevada from on or about July 17, 2024, to on or about August 29, 2024.

7.  Defendant THE HERTZ CORPORATION ("Hertz" or "Defendant") is a foreign corporation doing business in the State of Nevada and is an employer under NRS 608.011 and the Nevada Constitution. Defendant's principal place of business is located at 8501 Williams Road, Estero, Florida, and its agent of service in the state of Nevada is CT Corporation System, located at 701 S Carson St, Ste 200, Carson City, Nevada, 89701.

8.  The identity of DOES 1-50 is unknown at this time, and the Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein, and any reference to "Defendant," "Defendants," or "Hertz" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

9.  The Hertz Corporation is an indirect subsidiary of Hertz Global Holdings, Inc. and operates the Hertz, Dollar, and Thrifty vehicle rental brands throughout the United States of America and several other countries around the world. *See* https://ir.hertz.com/overview/default.aspx, last visited 11/19/24.

10. Plaintiff was employed by Defendant Hertz at one of its Nevada locations, located at 111 George Crocket Road Suite 100, Las Vegas, Nevada, 89119, as a nonexempt, hourly-paid vehicle service attendant ("VSA") from on or about July 17, 2024, to on or about August 29, 2024. Plaintiff's regular rate of pay was approximately $13.50 per hour for the duration of her employment with Defendant.

11. As a VSA for Hertz, Plaintiff transported vehicles throughout the lot and conducted vehicle service and maintenance checks, including inspecting vehicles for damage, ensuring the cleanliness of the interior and exterior of vehicles, and checking and refilling vehicle fluid levels, including gasoline and windshield washer fluid.

12. Plaintiff's regular schedule was five (5) shifts per week, Monday through Friday, from 4:00 p.m. to 12:30 a.m.

13. Plaintiff regularly worked more than eight (8) hours per shift and more than forty (40) hours per week as a VSA for Hertz.

14. Defendant required Plaintiff and all of its non-exempt hourly paid employees to record their hours worked by clocking in/out of a timekeeping system.

15. Defendant required Plaintiff and all of its non-exempt hourly paid employees to clock in at the timeclock at the beginning of their work shift and to clock out at the end of their work shift. Defendant also required Plaintiff and all of its non-exempt hourly paid employees to clock out of the timeclock for one (1) break during their workday.

16. Plaintiff regularly worked more than eight (8) hours in a continuous shift and did not receive a full 30-minute uninterrupted break.

17. Defendant did not compensate Plaintiff or any of its non-exempt hourly paid employees for unpaid breaks that were less than 30-minutes.

18. Defendant's failure and refusal to compensate for all continuous hours worked, including unpaid breaks that were less than 30-minutes, was a uniform practice that applied to all other similarly situated employees in the same fashion as Plaintiff.

## CLASS ACTION ALLEGATIONS

19. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

20. Plaintiff brings this action on behalf of herself and the following class and subclass of similarly situated individuals employed by Defendant as a class action under Rule 23 of the Nevada Rules of Civil Procedure:

> **Nevada Class:** All non-exempt hourly paid employees employed by Defendant in the state of Nevada at any time within 3-years of the original filing of the complaint to the present.
>
> **Continuation Wage Subclass:** All members of the Nevada Class who are former employees of Defendant.

21. NRCP Rule 23 Class treatment for all claims alleged in this Complaint is appropriate in this case for the following reasons:

> A. The Class is Sufficiently Numerous: Defendant employs, and has employed, approximately 604 members of the Class and approximately 234 members of

the Subclass, for a total of 838 Class Members, within the applicable statute of limitations. (*See* ECF No. 1.)

B. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and members of the Class and Subclass, including, without limitation:

1) Whether a break of less than thirty (30) minutes interrupts the continuous period of work; and

2) Whether Plaintiff and members of the Continuation Wage Subclass can recover continuation wages for Defendant's unlawful wage practices.

C. <u>Plaintiff's Claims are Typical to Those of Fellow Class Members</u>: Each member of the Class and Subclass is and was subject to the same practices, plans, or policies as Plaintiff, as follows: (1) Defendant failed to compensate Plaintiff and Nevada Class Members wages when they were clocked-out for breaks that were less than 30 minutes in duration; and (2) as a result of the state wage-hour violations set forth herein, Defendant failed to pay Plaintiff and Continuation Wage Subclass Members all wages due and owing at the time of their termination or separation from employment. Because Plaintiff is a victim of all of the same wrongs committed by Defendant as all members of the Class and Subclass that she seeks to represent, her claims are typical.

D. <u>Plaintiff is an Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of the Class and Subclass as Plaintiff is a member of both, she has common issues of law and fact with all members of the Class and Subclass, and she does not have any interests antagonistic to the members of the Class and Subclass. Plaintiff and her counsel are aware of their fiduciary responsibilities to members of the Class and Subclass and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the Class Members as a group.

E. <u>A Class Action is Superior/Common Claims Predominate</u>: Common questions predominate over individualized issues. A class action is also superior to other available means for the fair and efficient adjudication of this controversy since individual

joinder of all members of the Class and Subclass is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class and Subclass to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250**

(On Behalf of Plaintiff and all members of the Nevada Class Against Defendant)

22. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

23. NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiff made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

24. Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of the section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of the section may bring an action against his or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to

back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs."

25. NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

> 1. Each employer shall pay to each employee of the employer a wage of not less than:
>
>    (a) Beginning July 1, 2019:
>
>    (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.
>
>    (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.
>
>    (b) Beginning July 1, 2020:
>
>    (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.
>
>    (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.
>
>    (c) Beginning July 1, 2021:
>
>    (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.
>
>    (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.
>
>    (d) Beginning July 1, 2022:
>
>    (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.
>
>    (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of

            Article 15 of the Nevada Constitution, $10.50 per hour worked.

  (e) Beginning July 1, 2023:

    (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.

    (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

  (f) Beginning July 1, 2024:

    (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.00 per hour worked.

    (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $12.00 per hour worked.

2. It is unlawful for any person to employ, cause to be employed or permit to be employed, or to contract with, cause to be contracted with or permit to be contracted with, any person for a wage less than that established by this section.

26. Nevada law requires employees to be paid for their continuous hours worked unless employees receive a full 30-minute uninterrupted break. Plaintiff and members of the Nevada Class routinely did not receive a full 30-minute uninterrupted break, and thus, they are owed wages at the applicable rate of pay for all unpaid breaks that were less than thirty (30) minutes.

27. By failing to provide Plaintiff and Nevada Class Members with a break of at least thirty (30) minutes when they worked eight (8) hours in a continuous period, Defendant has failed to pay Plaintiff and the Nevada Class Members their minimum wages for all hours worked in violation of the Nevada Constitution and NRS 608.250. Indeed, zero ($0) dollars is less than the minimum wage.

28. Wherefore, Plaintiff demands for herself and for all other Nevada Class Members that Defendant pays Plaintiff and Nevada Class Members their minimum rate of pay for all hours

worked during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and all members of the Nevada Class Against Defendant)

29. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

30. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

31. NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

32. Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

33. By failing to provide Plaintiff and Nevada Class Members with a break of at least thirty (30) minutes when they worked eight (8) hours in a continuous period, Defendant failed to pay Plaintiff and members of the Nevada Class for all hours worked in violation of NRS 608.016.

34. Wherefore, Plaintiff demands for herself and for all Nevada Class Members payment by Defendant at their regular rate of pay for all hours worked but not paid during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050**

(On Behalf of Plaintiff and the Continuation Wage Subclass Against Defendant)

35. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

37. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

38. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or … [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid for 30-days, whichever is less."

39. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

40. By failing to pay Plaintiff and all members of the Continuation Wage Subclass their applicable wages as described above, Defendant has failed to pay Plaintiff and members of the Continuation Wage Subclass all their wages due and owing at the time of their separation from employment.

41. There is no good-faith defense to the imposition of continuation wages under NRS 608.040-.050. *See D'Amore v. Caesars Enterprise Svcs, LLC, et al.*, Case No. 2:18-cv-01990-JCM, 2019 WL 8128166 (D. Nev. Dec. 16, 2019).

42. Wherefore, Plaintiff demands thirty (30) days' wages under NRS 608.140 and 608.040, and an additional thirty (30) days' wages under NRS 608.140 and 608.050, for all

members of the Continuation Wage Subclass during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## JURY DEMAND

Plaintiff hereby demands a jury trial pursuant to Nevada Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Wherefore Plaintiff, by herself and on behalf of all members of the Class and Subclass, prays for relief as follows relating to her class action allegations:

1. For an order certifying the Class and Subclass under Nevada Rule of Civil Procedure 23;
2. For an order appointing Plaintiff as the Representative of the Class and Subclass and her counsel as Class Counsel;
3. For damages according to proof for minimum rate pay for all unpaid hours worked under state law;
4. For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;
5. For continuation wages pursuant to NRS 608.140 and 608.040-.050;
6. For a lien on the property where Plaintiff and all members of the Nevada Class labored pursuant to NRS 608.050;
7. For interest as provided by law at the maximum legal rate;
8. For reasonable attorneys' fees authorized by statute;
9. For costs of suit incurred herein;
10. For pre-judgment and post-judgment interest, as provided by law and
11. For such other and further relief as the Court may deem just and proper.

DATED: March 19, 2025

THIERMAN BUCK

*/s/Joshua D. Buck*
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiff*