TRISTAN R. KIRK, ESQ., admitted P*ro Hac Vice*
tkirk@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA  90071-1543
Telephone:  213.615.1700
Facsimile:  213.615.1750

TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone:    702.382.2101
Facsimile:    702.382.8135

*Attorneys for Defendant*
*THE HERTZ CORPORATION*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ATAVIAOUS WILLIAMS, on behalf of herself and all other similarly situated individual,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO. 2:25-cv-00017-RFB-EJY<br><br>**STIPULATION TO STAY DISCOVERY PENDING DECISIONS ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND MOTION TO DISMISS FCRA CLAIM AND MOTION FOR RECONSIDERATION OF ORDER VACATING MAGISTRATE JUDGE DECISION DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiff Ataviaous Williams ("Plaintiff"), by and through her counsel of record, the law firm of Thierman Buck, and Defendant The Hertz Corporation ("Hertz") by and through its counsel of record, the law firms of Winston & Strawn LLP and Brownstein Hyatt Farber Schreck, LLP (collectively, the "Parties"), hereby stipulate to stay discovery in this action as follows:

1.    After meeting and conferring, the Parties stipulate to stay discovery in this action and vacate all deadlines set in the Order on Discovery Plan and Scheduling Order (Dkt. 15)

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

("Scheduling Order") pending the Court's decisions on Hertz's Motion for Summary Judgment, Or, In the Alternative, To Compel Arbitration ("MSJ") (Dkts. 43 & 44) and Motion to Dismiss FCRA Claim and Motion for Reconsideration of Order Vacating Magistrate Judge Decision Denying Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Dismiss") (Dkts. 41 & 42) given that the decisions in each will have a significant impact on the case moving forward, including whether this action remains before this Court at all, and the Parties mutually desire to conserve resources as well as their own.

2. Requests to stay all discovery may be granted in this District when: (1) a pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

3. Plaintiff has set forth four causes of action in her Second Amended Class Action Complaint: (i) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.; (ii) failure to pay minimum wages in violation of the Nevada Constitution and NRS 608.250; (iii) failure to compensate for all hours worked in violation of NRS 608.140 and 608.016; and (iv) failure to timely pay all wages due and owing in violation of NRS 608.140 and 608.020-050. (*See* Dkt. 40.) The first claim is based upon the allegation that Hertz failed to comply with disclosure requirements of the FCRA (the "FCRA Claim"), while the three other claims are based upon the allegation that Plaintiff regularly worked more than eight (8) hours in a shift, but did not receive a full 30-minute uninterrupted break on such shifts nor did she receive compensation for such breaks on such shifts (the "Continuous Workday Claims"). (*Id.*, at ¶¶ 16-17.)

4. With respect to the first factor, Hertz filed both its MSJ and Motion to Dismiss on March 16, 2026 (Dkts. 41-44). The MSJ seeks dismissal of the Continuous Workday Claims, in full and with prejudice, or, in the alternative to compel arbitration of all three causes of action. (Dkts. 43 & 44 at 1:20-28, 2:1-17, 7:7-13:16.) And the Motion to Dismiss seeks dismissal of the FCRA Claim in full and with prejudice. (Dkts. 41 & 42 at 1:20-28, 5:15-12:17.) Thus, the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

pending MSJ and Motion to Dismiss are potentially dispositive of all of Plaintiff's claims, satisfying the first *Kor Media* factor.

5. With respect to the second factor, Hertz's MSJ and Motion to Dismiss can be decided without any discovery at all. The MSJ argues that Plaintiff's claims are barred and subject to dismissal because: (i) each of the Continuous Workday Claims is grounded in a collective bargaining agreement, and therefore each is preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a); and (ii) Plaintiff failed to exhaust the grievance procedures set forth in the applicable collective bargaining agreement before filing suit. (Dkts. 43 & 44 at 7:7-12:8.) The MSJ also argues that Plaintiff's Continuous Workday Claims should be compelled to arbitration if they are not dismissed. (*Id*. at 12:9-13:11.) Resolution of these issues require reference to nothing more than federal and state statutes and regulations and the applicable collective bargaining agreement (*see* Dkt. 21-2), which requires no discovery whatsoever. And the Motion to Dismiss argues that Plaintiff has not—and cannot—sufficiently allege a FCRA claim against Hertz (*see* Dkts. 41 & 42), which also requires no discovery. Thus, the second *Kor Media* factor is satisfied.

6. With respect to the third factor, a "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [FRCP] 1. With [FRCP] 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

7. Hertz's primary argument in its MSJ is that Plaintiff's Continuous Workday Claims are barred as a matter of law. Specifically, the MSJ contends that each of Plaintiff's Continuous Workday Claims are grounded in a collective bargaining agreement because they are premised upon alleged violations of Nevada's meal break law (NRS 608.019), but the meal break law does not apply to Plaintiff because her employment with Hertz was subject to and covered by

a collective bargaining agreement. (Dkts. 43 & 44 at 7:7-12:8.) Hertz contends this is because Nevada's meal break law provides that it "does not apply to…[e]mployees included within the provisions of a collective bargaining agreement." NRS 608.019(3)(b). (*Id*.) As a result, the MSJ argues that Plaintiff's Continuous Workday Claims must be dismissed. And Hertz's primary argument in its Motion to Dismiss is that Plaintiff cannot sufficiently allege her FCRA Claim. (*See* Dkts. 41 & 42.) Given the foregoing, it is clearly more just to stay discovery here to accomplish the preliminary determination of this case before extensive discovery is conducted, satisfying the third *Kor Media* factor. *Tradebay*, *supra*.

8.      The Parties agree that nothing herein shall be construed as Plaintiff's admission as to the merits of Hertz's MSJ or Motion to Dismiss.

9.      To the extent necessary and/or applicable, the Parties will submit a joint stipulation proposing new dates for all items addressed in the Scheduling Order within thirty (30) days of the issuance of the Court's decisions on both the MSJ and the Motion to Dismiss.

DATED May 20, 2026.

THIERMAN BUCK

BY: /s/ Leah L. Jones
Joshua D. Buck, Esq.
Leah L. Jones, Esq.

*Attorneys for Plaintiff*
*ATAVIAOUS WILLIAMS*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: /s/ Travis F. Chance
Travis F. Chance, Esq.

WINSTON & STRAWN LLP
Tristan R. Kirk, Esq. (admitted *pro hac vice*)

*Attorneys for Defendant*
*THE HERTZ CORPORATION*

## ORDER

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

Dated: _May 20, 2026_

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106